# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

Ray Charles Helveston,

        Plaintiff,

v.

A. HERNANDEZ, Superintendent; SPARKS, Medical Supervisor; and SHADDIN TIRHI, Medical Staff,

        Defendants.

Case No. 3:23-cv-00162-SLG

## ORDER DIRECTING SERVICE & RESPONSE

On July 20, 2023, self-represented pretrial detainee Ray Helveston ("Plaintiff") filed a civil rights complaint ("Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[1] The Court screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, found it to be deficient, but accorded Plaintiff leave to file an amended complaint.[2] On December 2, 2023, the Court granted Plaintiff's motion for an extension of time to file an

---

[1] Docket 1.

[2] Docket 9.

amended complaint.³ Then, on January 12, 2024, Plaintiff filed a First Amended Complaint ("FAC").⁴

The Court has now screened the First Amended Complaint pursuant to 28 U.S.C. § 1915, 1915A. Liberally construed,⁵ the First Amended Complaint states a plausible claim for relief for deliberate indifference to Plaintiff's need for adequate medical care in violation of the Eighth Amendment, which may proceed to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1343.

**IT IS THEREFORE ORDERED:**

1. Liberally construed, the First Amended Complaint contains sufficient facts that, accepted as true, state a plausible claim for relief under the Eighth Amendment.

2. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

3. While federal law allows litigants to commence a civil action without prepaying the filing fee, prisoner plaintiffs remain obligated to pay the entire fee in

---

³ Docket 13. *See also* Docket 10 (Plaintiff's motion for an extension of time).

⁴ Docket 14.

⁵ *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (a federal court must accept the allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

Case No. 3:23-cv-000162-SLG, *Helveston v. Hernandez, et al.*
Order Directing Service and Response
Page 2 of 5

Case 3:23-cv-00162-SLG   Document 15   Filed 06/28/24   Page 2 of 5

installments until the entire $350 statutory filing fee is paid, regardless of the outcome of the action.[6] The Court will issue a separate order on the collection of the filing fee.

4. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[7] Failure to comply may result in dismissal of this action.

5. The Court's finding that Plaintiff may proceed without *prepaying* the filing fee entitles him to service of process by the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d). However, service by the Marshals is unnecessary in this case because the Attorney General has indicated that the State of Alaska's Department of Law will accept service on behalf of Defendants. *See* District of Alaska Miscellaneous General Order No. 769.

6. The Clerk of Court shall immediately send a copy of this order, the First Amended Complaint at Docket 14, and the civil cover sheet at Docket 2 to:

> Attorney Mark Cucci
> Chief Assistant Attorney General
> State of Alaska Department of Law

---

[6] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

[7] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:23-cv-000162-SLG, *Helveston v. Hernandez, et al.*
Order Directing Service and Response
Page 3 of 5

Case 3:23-cv-00162-SLG   Document 15   Filed 06/28/24   Page 3 of 5

1031 West 4th Avenue, Suite 200
Anchorage, AK 99501-1994

7. Defendants, represented by the Attorney General for the State of Alaska, shall have **sixty (60) days** from the date of this order to file an Answer or otherwise respond.[8] Defendants shall provide their full names in the caption of the Answer.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[9] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[10] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

---

[8] *See* Fed. R. Civ. P. 4(d)(3).

[9] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Alaska District Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[10] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

10. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

11. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page. Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. There is no charge for viewing case information or documents at courthouse public access terminals. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced. Litigants may also set up an account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service.

12. The Clerk of Court is directed to send motion form PS12 to Plaintiff with this order.

DATED this 28th day of June 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE